IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| PHILIP M., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | No. 5:23-CV-281-BW | |
| § | | |
| COMMISSIONER OF THE SOCIAL § | | |
| SECURITY ADMINISTRATION, § | | |
|     Defendant. § | | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Philip M. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Act.  (*See* Dkt. No. 1.)  The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g) and 1383(c), and the parties consented to proceed before the undersigned in accordance with 28 U.S.C. § 636(b) and Special Order Nos. 3-350 and 3-354.  (*See* Dkt. No. 23; *see also* Dkt. No 11.)

Plaintiff filed a brief on appeal (Dkt. No. 18) ("Pl. Br."), to which the Commissioner filed a brief in response (Dkt. No. 21 ("Def. Br."), and Plaintiff filed a reply brief (Dkt. No. 22) ("Repl.").  For the reasons explained below, the Commissioner's decision is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this opinion.

## I. BACKGROUND

On June 10, 2020, Plaintiff protectively filed an application for DIB, alleging disability beginning May 5, 2020, due to degenerative disc disease with a disc herniation in the back, hypertension, enlarged prostate, unknown left foot problem, and a torn rotator cuff in the right shoulder. (Transcript ("Tr.") 10, 189, 206.) The claim was denied initially on September 16, 2021 (Tr. 115), and again on reconsideration on August 2, 2022 (Tr. 105-12), after which Plaintiff timely requested an administrative hearing.

On May 2, 2022, Administrative Law Judge Gregory Moldafsky ("the ALJ") held a telephonic hearing,[1] at which Plaintiff appeared and testified. (Tr. 10, 42-61.) Plaintiff appeared at the hearing and was represented by Marc Edelstein, an attorney. (Tr. 10.) David Rinehart, an impartial vocational expert, also appeared and testified at the hearing. (*Id.*) The ALJ issued an unfavorable decision on August 30, 2022, finding Plaintiff not disabled. (Tr. 10-23.) On September 21, 2023, the Appeals Council denied Plaintiff's request for further review. (Tr. 1-6.) The ALJ's August 30, 2022 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

---

[1] Due to the extraordinary circumstance presented by the Coronavirus Disease 2019 ("COVID-19") Pandemic, all participants attended the hearing by telephone. (Tr. 10.)

## II.  LEGAL STANDARDS

### A.  District Court Review

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923.  To determine whether substantial evidence of disability exists, four elements of proof must be weighted: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.  *See Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir.1972)).

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues de novo.  *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).  Thus, the court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision.  *See Copeland*, 771 F.3d at 923; *Hollis v.*

*Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-244-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

**B.     The Sequential Evaluation Process**

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Copeland*. 771 F.3d at 923 (citing 42 U.S.C. § 423(d)(1)(A)). The Act defines "disability" as the inability to engage in substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a

continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Wren*, 925 F.2d at 125 (summarizing 20 C.F.R. § 404.1520(b)-(f)). On the first four steps of the analysis, the claimant has the initial burden of proving that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Secretary on the fifth step to show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Id*. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir.1987).

At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If the claimant is not engaged in substantial gainful work activity, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If an individual's impairment precludes him or her from performing past work, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan*, 38 F.3d at 236. This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

### III.  ALJ's FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his August 30, 2022 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since May 5, 2020, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease, cervical spine; and degenerative disc disease, lumbar spine (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)[2] except the claimant can occasionally climb ramps and stairs; can never climb ladders, ropes, and scaffolds; can occasionally stoop, balance, kneel, and crouch; can never crawl; can never work at unprotected heights; and can frequently handle and finger with the right upper extremity.

6. The claimant is capable of performing past relevant work as an order clerk and as a material handler. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from May 5, 2020, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 12-22.)

---

[2] 20 C.F.R. § 404.1567(b): Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Accordingly, the ALJ determined that, for the application for a period of disability and disability insurance benefits, protectively filed on June 10, 2020, the claimant is not disabled under sections 216(i) and 223(d) of the Act. (Tr. 23.)

## IV.  ANALYSIS

Plaintiff asserts a single point of error.  He argues that the ALJ erred in evaluating the opinions of consultative examiner Aman Patel, D.O., and State agency review physician Patty Rowley, M.D.  (Pl. Br. at 8-13.)  Specifically, Plaintiff argues that because the ALJ improperly rejected the reaching limitations opined by Dr. Patel and Dr. Rowley, the RFC was unsupported by substantial evidence.  (*Id.*) Plaintiff further argues that the omission of a reaching limitation was harmful error, because if reaching limitations were included in the RFC, Plaintiff could not have performed his past relevant work.  (*See id*. at 14.)

The Commissioner argues in response that, the ALJ properly considered the opinions of Dr. Patel and Dr. Rowley in terms of the relevant regulatory factors, including the factors of supportability and consistency, and he was not required to include their opinions about Plaintiff's reaching limitations in the RFC finding.  (*See* Def. Br. at 3-5.)

Upon review of the ALJ's decision, the opinions of Drs. Patel and Rowley, and the record as a whole, the Court finds that the ALJ's reasoning for failing to incorporate a reaching limitation in the RFC, despite the assessment of a reaching

limitation by both Dr. Patel and Dr. Rowley, was not supported by substantial evidence.

An ALJ's RFC finding is what an individual can still do despite his limitations. *See Social Security Ruling* ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). It reflects an individual's maximum remaining ability to do sustained work activity in an ordinary work setting on a regular and continuing basis. *Id.*; *see Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). Although the ALJ considers opinions from medical sources on issues such as RFC, the final responsibility for deciding the RFC is reserved to the ALJ—not a doctor. *See* 20 C.F.R. § 404.1527(d)(2). The ALJ makes an RFC assessment based on all the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). The ALJ properly interprets the medical evidence to determine a plaintiff's capacity for work. *See Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012). An ALJ is not required to adopt a specific physician's assessment but is instead responsible for interpreting the medical evidence to determine a claimant's capacity for work. *See Miller v. Kijakazi*, 2023 WL 234773 at *4 (5th Cir. Jan. 18, 2023) (unpublished).

Here, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except he can "occasionally climb ramps and stairs; can never climb ladders, ropes, and scaffolds; can occasionally stoop, balance, kneel, and crouch; can never crawl; can never work at unprotected heights; and can frequently handle and finger with the right upper extremity." (Tr. 15.) The ALJ

found that Plaintiff was capable of performing his past work as an order clerk and material handler, thus finding Plaintiff not disabled. (Tr. 22-23.)

The ALJ's consideration of medical opinions is governed by the revised regulations for social security benefits claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c(a). Under the revised regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from your medical sources." *Id.*; *accord Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018). Instead, ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions . . . in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). This requirement is obligatory for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c(a). Because Plaintiff applied for disability insurance benefits on June 10, 2020, the revised regulations apply to his claim.

The ALJ must consider all medical opinions in the record and evaluate their persuasiveness applying five factors: (1) supportability, (2) consistency, (3) relationship with the claimant (including: (i) length of treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of treatment relationship, (v) examining relationship), (4) specialization, and (5) other factors that tend to support or contradict a medical opinion or prior

administrative medical finding. *See* 20 C.F.R. § 404.1520c(c). The most important of these factors are supportability and consistency. *See* 20 C.F.R. 404.1520c(a).

Although the ALJ is specifically required to explain how he considered the most important factors of supportability and consistency, an explanation for the remaining factors is not required unless the ALJ is deciding among multiple medical opinions of equal support and consistency on the same issue that differ slightly. *See* 20 C.F.R. § 404.1520c(b)(2). "Supportability concerns the degree to which the objective medical evidence and supporting explanations of the medical source support [her] own opinions, while consistency concerns the degree to which the medical source's opinion is consistent with the evidence from other medical sources and nonmedical sources within the record." *Wallace v. Kijakazi*, No. 3:22-CV-0820-X-BH, 2023 WL 2795854, at *8 (N.D. Tex. Mar. 20, 2023) (citing 20 C.F.R. §§ 404.1520c(c)(1), (2); 416.920c(c)(1), (2)), *adopted*, 2023 WL 2801207 (N.D. Tex. Apr. 5, 2023).

"The measuring stick for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Wallace*, 2023 WL 2795854, at *9 (citing *Cooley v. Comm'r of Soc. Sec.*, No. 2:20-CV-46-RPM, 2021 WL 4221620, at *6 (S.D. Miss. Sept. 15, 2021) (citations omitted); *see also Wactor v.*

*Comm'r of Soc. Sec.*, No. 1:21-CV-170, 2023 WL 2484314, at *4 (E.D. Tex. Jan. 19, 2023), *adopted*, 2023 WL 2479619 (E.D. Tex. Mar. 12, 2023).

Plaintiff presented to Dr. Patel for a consultative examination on April 10, 2021. (Tr. 411-15.) Plaintiff reported having degenerative disc disease, hypertension, and a rotator cuff tear. (Tr. 411.) He described his main limitation as pain in his back, but he also relayed having bilateral shoulder pain, more on the right side, describing the pain as chronic, constant, dull, achy, and worsened by range of motion. (*Id.*) He also stated that he was not able to raise his right shoulder above his head. (*Id.*)

On examination, Dr. Patel noted tenderness of the back and shoulder; and difficulty squatting and rising and walking on his heels and toes due to back pain. (Tr. 414-15.) Range of motion in Plaintiff's back was limited; his right shoulder showed 95/150 degrees abduction and 20/30 degrees adduction; and his left shoulder showed 125/150 degrees abduction and 25/30 degrees adduction. (Tr. 417-18.) Right shoulder extension showed 30/50 degrees and flexion of 130/150 degrees; and left shoulder showed 45/50 degrees extension and 140/150 degrees flexion. (Tr. 418.) Dr. Patel diagnosed chronic back pain due to degenerative disc disease; bilateral shoulder pain because of arthritis, worse on the right side; and uncontrolled hypertension. (Tr. 415.) He assessed the following limitations:

> Limitation of walking, lifting, and carrying weight because of back pain and shoulder pain. Workplace and environmental limitation because of the same. Limitation of bending, stooping, crouching, squatting, and reaching because of the back pain and shoulder pain. There are no

>limitations with sitting or standing. The claimant does not need an assistive device with regards to short and long distances and uneven terrain. There are no limitations with reaching, grasping, handling, fingering and feeling. There are no relevant visual or communicative limitations.

(Tr. No. 415-16.)

The ALJ did not find Dr. Patel's opinion persuasive, stating it was vague, it did not specify how much weight Plaintiff could lift and carry, it did not specify how often in an 8-hour workday that Plaintiff could walk, and it did not specify how often Plaintiff could perform postural maneuvers in an eight-hour workday. (Tr. 19.) The ALJ then concluded that "the evidence of normal range of motion on [Dr. Patel's] exam is consistent with a finding that the claimant does not necessarily have limitations reaching." (Tr. 20.) The Court finds the ALJ's explanation insufficient in multiple ways.

First, Dr. Patel's examination findings showed tenderness to the shoulder, reduced range of motion, reduced abduction and adduction, reduced tension, and reduced flexion. (Tr. 417-18.) Dr. Patel diagnosed, inter alia, "[b]ilateral shoulder pain because of arthritis, worse on the right side. The right side appears to be moderate-to-severe, left side mild-to-moderate." (Tr. 415.) Thus, Dr. Patel's examination findings and diagnoses appear to support his assessment of a reaching limitation. Furthermore, the ALJ pointed to nothing from Dr. Patel's examination that contradicts his examination findings and diagnoses relating to the shoulders. Therefore, the Court is left without an "accurate and logical bridge between the

evidence and the final determination." *Springer v. Comm'r of Soc. Sec.*, No. 7:23-CV-0003-O-BP, 2023 WL 4849443, at *4 (N.D. Tex. July 11, 2023), *adopted*, 2023 WL 4851880; *see also Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010).

Second, in evaluating Dr. Patel's opinion, the ALJ himself noted "*decreased* range of motion of both shoulders for extension, abduction, adduction, and flexion" (Tr. 19 (emphasis added)), but he provides no explanation as to how these findings do not support Dr. Patel's reaching limitation. Furthermore, this statement directly conflicts the ALJ's statement that "the evidence of *normal* range of motion on [Dr. Patel's] exam is consistent with a finding that the [Plaintiff] does not necessarily have limitations reaching." (Tr. 19 (emphasis added).) Based on these inconsistent statements regarding Dr. Patel's range of motion findings, the ALJ's conclusion that Plaintiff did not require a reaching limitation was not supported by substantial evidence.

The ALJ also failed to consider the consistency of Dr. Patel's assessment of a reaching limitation with the reaching limitation assessed by State agency review physician Dr. Rowley. (Tr. 96-99.) Dr. Rowley reviewed Plaintiff's medical record as of May 6, 2021, including Dr. Patel's examination findings and opinion, and opined that Plaintiff could perform medium work with occasional overhead reaching with the right arm. (Tr. 98.) As support for her findings, Dr. Rowley cited an x-ray of the lumbar spine that showed "multilevel degenerative change in the spine" and noted chronic back pain due to degenerative disc disease and bilateral shoulder pain

because of arthritis, worse on the right. (Tr, 99.) In finding Dr. Rowley's opinion only "partially persuasive," the ALJ cited nearly identical reasoning he used to reject Dr. Patel's reaching limitation (Tr. 18-19), and therefore his consistency analysis fails for many of the same reasons. Based on the consistency of these two opinions and the ALJ's failure to sufficiently explain why a reaching limitation was not included in the RFC, the Court finds that the ALJ's RFC finding was not supported by substantial evidence.

The Commissioner alleges that the ALJ discounted Dr. Patel's opinion because Dr. Patel did not define "how often [Plaintiff] could reach" (Def. Br. at 4), but this is not quite faithful to the ALJ's explanation for finding Dr. Patel's opinion not persuasive. The ALJ did not state—or even imply—that he rejected Dr. Patel's reaching limitation for this reason. (*See* Tr. 19-20.) Although the ALJ found Dr. Patel's opinion vague because he failed to specify how often Plaintiff could perform postural maneuvers (among other things) (Tr. 19), there was no mention of manipulative maneuvers, such as reaching. *See* SSR 85-15; SSR 96-9p; *Arevalo v. Kijakazi*, No. EP-22-CV-00148, 2023 WL 5123318, at *9 n.20 (W.D. Tex. July 25, 2023) ("Manipulative limitations are functional limitations in activities such as reaching (extending the hands and arms in any direction), handling (seizing, holding, grasping, turning or otherwise working primarily with the who hand or hands), fingering (picking, pinching, or otherwise working primarily with the fingers)[,] and feeling") (citations omitted).

The Commissioner also argues that "[o]ther medical notes show[ing] Plaintiff had a normal range of motion in all joints and normal muscle strength" support the omission of no reaching limitation, broadly citing to various portions of the ALJ's decision. (Def. Br. at 4 (citing Tr. 15-22).)  But contrary to the Commissioner's argument, other notes, such as Dr. Rowley's opinion (Tr. 98-99), are consistent with the reaching limitation opined by Dr. Patel.

Furthermore, the Commissioner's post hoc rationalization cannot retroactively justify the agency's decision.  *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1909 (2020); *Guillroy v. Berryhill*, 738 F. App'x 290, 291-92 (5th Cir. 2018) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)) ("[I]t is a fundamental rule of administrative law that 'in dealing with a determination or judgment which an administrative agency alone is authorized to make, [a reviewing court] must judge the propriety of such action solely by the grounds invoked by the agency.'"); *see also Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]"); *Copeland*, 771 F.3d at 923 (The Court "may affirm only on the grounds that the Commissioner stated for [the] decision.")  It is the ALJ's duty to evaluate the persuasiveness of the medical opinion evidence of record, and it is the ALJ's duty to explain his consideration of the two most important factors in evaluating persuasiveness—consistency and supportability.  *See* 20 C.F.R. § 404.1520c(a), (b)(2).

As for consistency with other record evidence, the ALJ repeatedly cited to the same June 14, 2021 examination finding (Tr. 488) as support for his conclusion that Plaintiff had "5/5 strength in all 4 extremities" (Tr. 19, 20, 21), but the cited examination occurred during a hospital admission when Plaintiff "presented to [the hospital] by EMS with unresponsiveness and hypoxia" (Tr. 488), which had nothing whatsoever to do with Plaintiff's shoulder impairment. The Fifth Circuit has held that an "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984)); *see also Green v. Shalala*, 852 F. Supp. 558, 568 (N.D. Tex. Apr. 18, 1994); *Armstrong v. Sullivan*, 814 F. Supp. 1364, 1373 (W.D. Tex. Feb. 11, 1993). "Likewise, the substantial evidence test does not involve a simple search of the record for isolated bits of evidence that support the ALJ's decision." *Bell v. Kijakazi*, No. 3:22-CV-01190-G-BH, 2023 WL 5836826, at *14 (N.D. Tex. July 14, 2023) (citing *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986)), *adopted*, 2023 WL 5835972 (N.D. Tex. Sept. 8, 2023). Therefore, this examination finding lends little support to the ALJ's conclusion that "evidence of normal range of motion on exam is consistent with finding that [Plaintiff] does not necessarily have limitations reaching." (Tr. 20.)

Similarly, the ALJ appeared to pick and choose from the evidence regarding Plaintiff's daily activities to muster support for his RFC finding. *See Loza*, 219 F.3d at 393. For example, the ALJ noted that Plaintiff engaged in activities such as

performing housework, doing laundry, driving, shopping, caring for the yard, and caring for pets (Tr. 15-22, 47-48, 52-53, 226-228, 257-259, 412), but he ignored Plaintiff's direct reports regarding difficulty "raising up or holding anything with arm extended" and difficulty performing self-care activities such as using the toilet, bathing, dressing, and showering. (Tr. 225-26.)  Plaintiff also reported to Dr. Patel that he could not raise his right shoulder above his head. (Tr.  411.)  Based on this selective use of the evidence regarding Plaintiff's activities, the ALJ's analysis fails to meet the substantial evidence test.  *Bell*, 2023 WL 5836826, at *14

Here, the ALJ's persuasiveness analysis does not comply with the articulation requirements of 20 C.F.R. § 404.1520c, and therefore, the Court cannot fulfill its constitutional obligation and conduct meaningful judicial review of the Commissioner's decision.  *See Chenery Corp.*, 332 U.S. at 196.

Because "[p]rocedural perfection in administrative proceedings is not required," *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988), "a mistake in an ALJ's decision does not automatically render the entire decision unsupported by substantial evidence," *Botsay v. Colvin*, 658 F. App'x 715, 718 (5th Cir. 2016). Instead, "the Fifth Circuit has applied the harmless error standard where the ALJ misstated the medical evidence." *Robinson v. Colvin*, No. 14-CV-1530, 2015 WL 5725134, at *8 (E.D. La. Sept. 28, 2015) (citing *Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010)); *see Jones v. Saul*, No. 19-CV-880, 2020 WL 5752390, at *18 (N.D. Tex. Aug. 24, 2020) (applying harmless error standard to factual errors made

in the RFC analysis), *adopted*, 2020 WL 5747873, at *1 (N.D. Tex. Sept. 25, 2020). "[H]armless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Jones*, 2020 WL 5752390, at *18; *Reese v. Saul*, No. 4:19-CV-2787, 2020 WL 6804513, at *5 (S.D. Tex. Nov. 3, 2020), *adopted*, 2020 WL 6799610 (S.D. Tex. Nov. 19, 2020).

    Here, the ALJ determined that Plaintiff was "capable of performing his past relevant work as an order clerk and as a material handler" (Tr. 22), so the ALJ never proceeded to the fifth and final step of the sequential analysis, wherein the burden shifts to the Commissioner to show that there is other gainful employment available in the national economy that Plaintiff could perform. *See Greenspan*, 38 F.3d at 236. The ALJ found that Plaintiff is capable of performing his past work as an order clerk and material handler, (Tr. 22-23), but these jobs both require frequent reaching. *See* Dictionary of Occupational Titles, Order Clerk, DICOT 249.362-026, 1991 WL 672320; Material Handler, DICOT 929.687-0301991, WL 688174. Accordingly, the Court cannot say that the ALJ's failure to properly evaluate and discuss the medical opinion evidence with respect to a reaching limitation was harmless. *See Moore v. Sullivan*, 895 F.2d 1065, 1070 (5th Cir. 1990) ("Where the agency applies proper legal standards in denying benefits, we must uphold the decision if it is based on substantial evidence. However, where 'the [Commissioner] has relied on erroneous legal standards in assessing the evidence, [it] must reconsider that denial.") (quoting *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir.1989)); *see also Guy v. Comm'r of Soc.*

*Sec.*, No. 4:20-CV-01122-O-BP, 2022 WL 1008039, at *5 (N.D. Tex. Mar. 14, 2022) ("Even if the Commissioner is correct and the ALJ reaches the same conclusion on remand, the Fifth Circuit has rejected the notion that such a circumstance warrants affirmation of an initial decision improperly reached.") (citing *Moore*, 895 F.2d at 1070), *adopted*, 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022).

## CONCLUSION

Because the ALJ did not satisfy the articulation requirements of § 404.1520c in his analysis of Dr. Patel and Dr. Rowley's opinions, the Court cannot determine whether substantial evidence supports the ALJ's determination that Plaintiff is not disabled. Accordingly, the Commissioner's decision is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this opinion.

**SO ORDERED** on January 22, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE